IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James E. Jones, | ) | C/A No. 0:09-2802-RBH-PJG |
|                     Plaintiff, | ) | |
| v. | ) | |
| United States Department of Justice; William G. Stewart, II, *Executive Office for the United States Attorneys Freedom of Information and Privacy Staff*; US Attorneys Office for the District of South Carolina, *Florence Division*, | ) | **REPORT AND RECOMMENDATION** |
|                     Defendants. | ) | |

This matter arises under the Freedom of Information Act. The plaintiff, James E. Jones ("Jones"), requests that the court review pursuant to 5 U.S.C. § 552 the decision of the United States Department of Justice[1] ("DOJ") to withhold documents requested by Jones pursuant to the Freedom of Information Act ("FOIA"). This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion for summary judgment. (ECF No. 32.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Jones of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (ECF No. 33.) Jones filed a response in opposition. (ECF No. 37.) Having carefully considered the parties' submissions

---

[1] The defendants correctly assert that the Department of Justice is the only proper defendant in this case. See 5 U.S.C. § 552(a)(4)(B) (providing a cause of action only against an "agency" for improperly withholding agency records); Batton v. Evers, 598 F.3d 169, 173 n.1 (5th Cir. 2010) ("A FOIA plaintiff may not assert a claim against an individual federal official; the proper defendant is the agency.") (citing Petrus v. Bowen, 833 F.2d 581, 582 (5th Cir. 1987) & Santos v. DEA, 357 F. Supp. 2d 33, 36 (D.D.C. 2004)). Accordingly, Defendants William G. Stewart, II and the United States Attorney's Office, Florence Division are entitled to summary judgment.



and the applicable law, the court finds that the defendants' motion for summary judgment should be granted in part and denied in part.

## BACKGROUND

Jones is currently incarcerated at the United States Penitentiary in Coleman, Florida. Through this FOIA action, he seeks the "Mullins Police Department dispatch tape transcript from November 1, 2006 for case 4:06-cr-01238-001-TLW." (FOIA Request, ECF No. 32-1 at 5.) Jones's arrest on that date led to his conviction on federal charges of convicted felon in possession of a firearm. The Department of Justice initially denied Jones's request, stating that it had no responsive records. Jones appealed. Upon review, the Office of Information Policy ("OIP") informed Jones that a potentially responsive audiotape existed, but no transcript of the audiotape had ever been prepared. OIP further informed Jones that the audiotape fell within two exceptions to FOIA pursuant to 5 U.S.C. § 522(b)(6) (hereinafter "Exemption 6") and § 522(b)(7)(C) (hereinafter "Exemption 7(C)") because it contained "conversations of third parties." (DOJ Letter, ECF No. 32-1 at 11.) This action followed. Having reviewed the parties' submissions and applicable law and conducted an *in camera* review of the audiotape at issue, the court concludes that the FOIA exemptions relied upon by DOJ do not apply.

## DISCUSSION

A.     **Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish



the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     District Court Review of Freedom of Information Act Decisions**

Section 552 of Title 5 of the United States Code provides that "[o]n Complaint, the district court of the United States[2] . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). The district court's review is *de novo*, and the court "may examine the contents of such agency records in camera to determine whether such records or any part thereof shall be withheld under any of the exemptions set forth in [§ 552(b)]." Id. The agency has the burden to show that the documents at issue should be withheld. Id. FOIA "mandates a strong presumption in favor of disclosure," and the FOIA exemptions in subsection (b) must be "narrowly construed." Multi Ag Media LLC v. Dep't of Agric., 515 F.3d 1224, 1227 (D.C. Cir. 2008) (internal citations and quotations omitted). Unless one of the nine FOIA exemptions applies, agency records must be disclosed to the requesting party. See § 522(a). In a FOIA lawsuit, courts generally give no deference to an agency's determination that a FOIA exemption applies. 4 Charles H. Koch, Jr., Administrative Law & Practice § 14:25(1)(d) (3d ed. 2010) (discussing judicial review).

**C.     Exemptions 6 and 7(C)—Personal Privacy Protection**

Exemption 6 includes "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). In applying this exemption, courts have utilized a balancing test in which the public interest in disclosure is weighed against an individual's interest in privacy. U.S. Dep't of State v. Ray, 502

---

[2]Pursuant to the statute, venue is proper in any district court where the complainant resides or has his principal place of business or where the records are located. Further, venue is proper in the District of the District of Columbia. 5 U.S.C. § 552(a)(4)(B). Accordingly, many of the recent reported appellate FOIA decisions are from the United States Court of Appeals for the District of Columbia Circuit.



U.S. 164 (1991); Dep't of Air Force v. Rose, 425 U.S. 352, 373 (1976).  In interpreting the term "similar files," the United States Supreme Court has emphasized that it is the nature of the personal information requested that controls the applicability of Exemption 6 rather than the label associated with the type of file itself.  See U.S. Dep't of State v. Washington Post Co., 456 U.S. 595 (1982). The Court suggested that the term "personal" refers to information that may cause harm to an individual.  Id.

Exemption 7(C) similarly protects against clearly unwarranted invasions of personal privacy but is different from Exemption 6 in a few respects.  First, whereas Exemption 6 addresses information contained in personnel, medical, and similar files, Exemption 7(C) specifically pertains to records or information compiled for law enforcement purposes.  See 5 U.S.C. § 552(b)(7)(C). Second, Exemption 7(C)'s protection of personal information is greater than Exemption 6's, because the standard is whether the information *"could reasonably be expected* to constitute an unwarranted invasion of personal privacy" as opposed to the Exemption 6 standard requiring a showing that the information *would* constitute such an invasion.  Compare § 552(b)(7)(C) (emphasis added) with § 522(b)(6); see also Sheet Metal Workers Int'l Ass'n v. U.S. Dep't of Veterans Affairs, 135 F.3d 891 (3d Cir. 1998).

When applying the balancing test weighing the public interest against an individual's privacy interest to determine if an invasion of personal privacy would be clearly unwarranted under either Exemption 6 or 7(C), the only relevant public interest to be considered is whether the disclosure will contribute "significantly to public understanding of the operations or activities of the government."  See U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press, 489 U.S. 749, 775 (1989) (Exemption 7(C)); U.S. Dep't of Defense v. Fed. Labor Relations Auth., 510 U.S. 487

(1994) (Exemption 6).  Some examples of the types of information that have been held to be protected under these exemptions include the names of individuals who signed a petition, Family Farms v. Glickman, 200 F.3d 1180 (8th Cir. 2000), wages of employees of government contractors, Painting Indus. of Haw. Market Recovery Fund v. U.S. Dep't of Air Force, 26 F.3d 1479 (9th Cir. 1994), and individualized information on matters such as welfare receipts, paternity, and alcohol consumption.  See Rural Hous. Alliance v. U.S. Dep't of Agric., 498 F.2d 73 (D.C. Cir. 1974). Similarly, the marital status of government employees and the names of their spouses have been held to be protected.  See Washington Post Co. v. U.S. Dep't of Justice, 863 F.2d 96, 100 (D.C. Cir. 1988) (stating that Exemption 7(C) is concerned with disclosures of " 'an intimate personal nature' such as marital status, legitimacy of children, identity of fathers of children, medical condition, welfare payments, alcoholic consumption, family fights, and reputation").  Specifically within the context of Exemption 7(C), criminal identification records of the Federal Bureau of Investigation are exempt from disclosure.  See Reporters Comm., 489 U.S. 749.  Because the exemptions protect "personal" privacy, however, information concerning corporations or business associations is not protected.  See Sims v. CIA, 642 F.2d 562, 572 n.47 (D.C. Cir. 1980); Nat'l Parks & Conservation Ass'n v. Kleppe, 547 F.2d 673, 685 n.44 (D.C. Cir. 1976).

    The court has reviewed *in camera* the audiotape at issue and finds that it does not contain the type of personal, private information that courts have held to be protected under Exemptions 6 and 7(C).  Rather, the audiotape appears to contain a standard, routine recording of communications between a dispatch officer and law enforcement officers coordinating to apprehend a fleeing suspect

and respond to an emergency situation where another suspect had been shot.[3] It is an audio recording of government employees at work, the type of information that would contribute "significantly to public understanding of the operations or activities of the government." See Reporters Comm., 489 U.S. at 775. DOJ has pointed to no authority supporting its position that such recordings are exempt from FOIA under the exemptions upon which it relies.[4] Although the information in the audiotape is difficult to discern at times and the recording is punctuated by long periods of silence, the court cannot identify any private, personal information that could reasonably be expected to cause harm to an individual or is otherwise of the type that courts have held to be exempt under Exemptions 6 and 7(C).[5] Nor has DOJ identified any. Accordingly, the court finds that the audiotape is not covered by either Exemption 6 or 7(C) of FOIA.

## RECOMMENDATION

Defendants William G. Stewart, II and the United States Attorney's Office, Florence Division are entitled to summary judgment because they are not proper defendants in a FOIA action. However, based on this record, the court finds that Defendant DOJ has failed to meet its burden to

---

[3] Based on the court's review of the audiotape and the portion of the trial transcript following the playing of the audiotape at Jones's trial, it appears that Jones was the suspect who had been shot. See United States v. Jones, Case No. 4:06-CR-1238-TLW, ECF No. 99 at 118-122. Very little, if any, of the audiotape pertains to Jones's actual arrest, which appears to be what Jones is seeking.

[4] The court observes that DOJ makes no argument that the audiotape is exempt under any other provision of § 552(b)(7), which contains five other exemptions for information compiled for law enforcement purposes.

[5] The tape does contain a license plate number and possibly two individuals' names that appear to be associated with locations referred to by the officers. The court fails to see how a license plate number, which is publicly displayed on a vehicle, or an individual's name, without any context or private information, can constitute the type of information that would warrant a clearly unwarranted invasion of personal privacy as contemplated by FOIA. Moreover, even if it did, the names could likely be redacted.



establish that the audiotape should be withheld. 5 U.S.C. § 552(a)(4)(B). Therefore, the court recommends that the Defendant DOJ's motion for summary judgment (ECF No. 32) be denied and that, pursuant to § 552(a)(4)(B), Defendant DOJ be enjoined from withholding the audiotape submitted for *in camera* review and ordered to produce the audiotape to the plaintiff.

/s/ Paige J. Gossett
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 23, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).